IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLANDO PEREIRA, on behalf of himself and other persons similarly situated, | Case No.: |
| Plaintiff, | JUDGE |
| v. | |
| JRV SERVICES LLC, PRA-SE CONSTRUCTION, LP, and JUANA VARGAS, | MAG. JUDGE |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Rolando Pereira, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants JRV Services LLC, PRA-SE Construction, LP, and Juana Vargas.

## NATURE OF THE ACTION

1.     This is an action by Rolando Pereira ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiff was employed as a general construction laborer by Defendants JRV Services LLC, PRA-SE Construction, LP, and Juana Vargas ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.     Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

COLLECTIVE ACTION COMPLAINT - 1

**JURISDICTION**

3.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

**VENUE**

4.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff Rolando Pereira**

5.      Plaintiff is a resident of Louisiana.

6.      Plaintiff was hired by Defendant PRA-SE Construction, LP in approximately March 2014 and worked for Defendants until approximately March 2018.

7.      Plaintiff worked at jobsites for Defendants in the Greater New Orleans Area. Each of Defendants' worksites were populated by at least twenty-five other laborers.

8.      Plaintiff worked as a construction laborer. In connection therewith, Plaintiff performed duties related to carpentry, demolition, and brickwork.

9.      Defendants paid Plaintiff $20.00 per hour.  For every hour that he worked in excess of forty in any particular week he was still only paid $20.00 per hour.

10.      At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant JRV Services LLC**

11.      Defendant JRV Services LLC ("JRV") is a limited liability company organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana.

COLLECTIVE ACTION COMPLAINT - 2

12. JRV is a labor subcontractor. JRV specializes in providing drywall, paint, punch, and cleaning services in the multi-family and commercial construction industry. JRV regularly contracts with Defendant PRA-SE Construction, LP to provide labor at its jobsites.

13. JRV supervised the day to day work activities of Plaintiff.

14. JRV determined Plaintiff's work schedule for the employment at issue herein.

15. JRV maintains an employment file for Plaintiff.

16. JRV is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. JRV is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

18. Upon information and belief, JRV has an annual dollar volume of sales or business done of at least $500,000.

**<u>Defendant PRA-SE Construction, LP</u>**

19. Defendant PRA-SE Construction, LP ("PRA-SE") is a non-Louisiana partnership with its principal place of business in Dallas, Texas.

20. PRA-SE is a commercial construction company that specializes in developing and constructing apartment complexes and commercial buildings in Texas and Louisiana. PRA-SE engaged JRV to provide labor for several large multi-family projects, including the Marquis Apartments in New Orleans and Palmetto Greens Apartments in Covington, among others. PRA-SE also engaged other labor subcontractors for its projects.

21. PRA-SE supervised the day to day work activities of Plaintiff.

COLLECTIVE ACTION COMPLAINT - 3

22.    PRA-SE determined Plaintiff's work schedule for the employment at issue herein.

23.    PRA-SE maintains an employment file for Plaintiff.

24.    PRA-SE is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25.    PRA-SE is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

26.    Upon information and belief, PRA-SE has an annual dollar volume of sales or business done of at least $500,000.

## Defendant Juana Vargas

27.    Defendant Juana Vargas is an owner of Defendant JRV.

28.    At all pertinent times herein Defendant Juana Vargas had the authority to hire and fire JRV employees, including the Plaintiff herein.

29.    At all pertinent times herein Defendant Juana Vargas maintained executive authority over the jobs JRV employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

30.    Defendant JRV is a residential and commercial subcontractor that provides labor for construction projects in Louisiana. Defendant PRA-SE engaged JRV to provide labor for its jobsites.

31.    Defendants employed at least twenty-five manual laborers at their jobsites. Defendants' employees regularly handle goods that are moving or have moved in interstate

COLLECTIVE ACTION COMPLAINT - 4

commerce and/or perform duties which are closely related and directly essential to such interstate activities.

32.    Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked between 45 and 54 hours per week. Defendants often required Plaintiff to work at least six days per week.

33.    Plaintiff was paid by check, with some bearing the name "JRV Services LLC."

34.    Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

35.    Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

36.    Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

37.    Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

38.    When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

39.    Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

COLLECTIVE ACTION COMPLAINT - 5

40.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of Defendants who are or have been employed by Defendants performing manual labor during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

41.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2015 and continuing until the present.

42.     As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a.   Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.   Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.   Declaring that Defendants' conduct violated the FLSA;

d.   Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

COLLECTIVE ACTION COMPLAINT - 6

e.  Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

March 14, 2018

*Respectfully submitted:*

/s/ Emily A. Westermeier
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiff*

COLLECTIVE ACTION COMPLAINT - 7