**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROLANDO PEREIRA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2720** |
| **JRV SERVICES, LLC, ET AL.** | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is a 12(b)(6) Motion to Dismiss filed by Defendants JRV Services, LLC and Juana Vargas. R. Doc. 9. Plaintiff Rolando Pereira opposes. R. Doc. 12. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I.     BACKGROUND

Plaintiff Rolando Pereira brings this action under the Fair Labor Standards Act on behalf of himself and all others similarly situated to recover overtime wages against Defendants JRV Services, LLC ("JRV"), PRA-SE Construction, LP ("PRA-SE"), and Juana Vargas ("Vargas").

Defendant JRV is a residential and commercial subcontractor that provides labor for construction projects in Louisiana, owned by Defendant Vargas. PRA-SE, a commercial construction company, engaged JRV to provide labor for its jobsites. Plaintiff alleges that he was hired by PRA-SE in 2014 and worked as a construction laborer for Defendants until March of 2018. During this time, Plaintiff claims he worked, on average, 45-54 hours per week, and Defendants failed to pay one-and-a-half times his regular hourly rate for all hours over forty.

Defendants JRV and Vargas now move the Court to dismiss Plaintiff's claims against them under Rule 12(b)(6). R. Doc. 9. Specifically, Defendants contend that Plaintiff has failed to (1) allege the specific time period for which he claims he was undercompensated; (2) plead facts

sufficient to establish that JRV and Vargas qualify as his "employer" under the FLSA; and (3) sufficiently allege facts to show that he is similarly situated to the putative class members.

## II. LAW & ANALYSIS

### A. Rule 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B. The Fair Labor Standards Act

The FLSA requires "employers" to pay covered employees at least one and one-half times their normal rate for hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages, a plaintiff must plead "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged

in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). JRV and Vargas argue that Plaintiff inadequately pleads elements (1) and (4), and that Plaintiff fails to adequately plead a collective action.

### a. Employee-Employer Relationship

Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit determines employer status under the "economic reality" test, considering whether the putative employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). The Court must consider the totality of the circumstances and the economic reality of the overall relationship, and all four factors need not be present in every case. *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Prods., LLC*, 668 F.3d 247, 251 (5th Cir. 2012).

Finally, to determine whether an individual is an "employee," the Fifth Circuit considers (1) the permanency of the relationship; (2) the degree of control exercised by the alleged employer; (3) the skill and initiative required to perform the job; (4) the relative investments of the worker and employer; and (5) whether the worker's opportunity for profit and loss is determined by the employer. *Thibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010). "The

3

touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency." *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2011 WL 1791292, at *3 (E.D. La. May 9, 2011).

Plaintiff alleges that he worked as a construction laborer for JRV from approximately March 2014 – March 2018, and that JRV determined his work schedule; supervised his day to day work activities; and maintained an employment file for him. R. Doc. 1 at 2. Moreover, Plaintiff alleges that he was paid by check, some bearing the name "JRV Services, LLC." R. Doc. 1 at 2, 5. Plaintiff has therefore adequately pleaded that JRV was his "employer" under the FLSA.

Turning to Vargas, Plaintiff alleges that she is an owner of Defendant JRV and that she maintained executive authority over the jobs that Plaintiff and other JRV employees worked, including the power to set the rate of pay, duration and location of those jobs, and that she had the power to hire and fire Plaintiff and other JRV employees. These allegations raise a plausible claim that Vargas was Plaintiff's employer under the "economic reality" test.

### b. Time Period

Allegations of a complaint must be sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In the FLSA context, this notice requirement is satisfied when the complaint contains the "approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claims he was under-compensated. *Meija v. Brothers Petroleum, LLC*, No. 12-2481, 2015 WL 3619894, at *6 (E.D. La. June 9, 2015) (finding allegation that plaintiffs "worked approximately 70-80 hour[s] per week, before July of 2012, and then approximately 50 hours thereafter, without receiving overtime pay" sufficient); *England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, at *3

(E.D. La. July 19, 2016) (allegation that plaintiff "routinely worked overtime hours" from 2012-2015, and employer paid for some hours but failed to pay "numerous hours" insufficient).

Here, Plaintiff alleges that (i) he worked for Defendants from March 2014-March 2018, (ii) on average, 45-54 hours per week, (iii) without ever being paid more than his regular rate of $20 per hour. R. Doc. 1 at 2, 5. Plaintiff has thus provided the approximate date range and approximate hours worked to sufficiently allege the amount of overtime compensation due.

### c. Collective Action Pleading

Lastly, Defendants argue that Plaintiff fails to plead a collective action under the FLSA because the complaint does not identify class members by name or job title, or indicate how their job duties are similar to Plaintiff's.

The FLSA authorizes an employee to bring a collective action to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). "[T]he Fifth Circuit has not specified the level of detail required to be shown in the pleading stage, as opposed to the class certification stage" – but an FLSA plaintiff "must allege facts supporting the conclusion that all potential plaintiffs were 'victims of a common policy or plan that violated the law.'" *England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 6520146, at *4 (E.D. La. Nov. 3, 2016) (quoting *Wischenewsky v. Coastal Gulf & Intern., Inc.*, No. 12-2277, 2013 WL 1867199, at *4 (E.D. La. May 2, 2013)). Moreover, "a 12(b)(6) motion should not succeed if the complaint gives the defendant fair notice of the putative class." *Id.*

Here, Plaintiff's putative class consists of hourly or non-exempt employees who performed manual labor for Defendants in the past three years and were not paid overtime. R. Doc. 1 at 6. Plaintiff describes his duties as those of a "construction laborer," performing "duties related to carpentry, demolition, and brickwork." R. Doc. 1 at 2. This case has not yet reached the conditional

certification stage, and some courts have recognized that a "challenge on the pleadings seeks to end-run the certification process by trying certification on the face of the complaint." *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 436 (E.D. La. 2010). Plaintiff's complaint provides Defendants with fair notice of the putative class, and whether proceeding collectively is appropriate will be addressed when Plaintiff moves for conditional certification.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Rule 12(b)(6) Motion to Dismiss (R. Doc. 9) is hereby **DENIED**.

New Orleans, Louisiana, this 30th day of July, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE