**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROLANDO PEREIRA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2720** |
| **JRV SERVICES, LLC, ET AL.** | **SECTION "L" (3)** |

### ORDER AND REASONS

Before the Court is a Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs. R. Doc. 15. Defendants JRV Services, LLC and PRA-SE Construction, LP oppose. R. Docs. 23 and 25. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff Rolando Pereira ("Pereira") brings this action under the Fair Labor Standards Act to recover overtime wages from Defendants JRV Services, LLC ("JRV"), PRA-SE Construction, LP ("PRA-SE"), and Juana Vargas ("Vargas").

JRV is a residential and commercial subcontractor which provides labor for construction projects, owned by Vargas. PRA-SE, a commercial construction company, engages JRV and other subcontractors to provide labor for its jobsites. Pereira alleges that he worked as a "construction laborer" at Defendants' worksites from March 2014 – March 2018. During this time, he claims that he worked some 45-54 hours per week, and that Defendants failed to pay one-and-a-half times his regular hourly rate for all hours over 40.

### II. PRESENT MOTION

1

Pereira contends that he is similarly situated to other JRV workers performing manual labor for the past three years, and moves the Court to certify a class under § 216(b) of the Fair Labor Standards Act consisting of:

> All individuals who worked or are working performing manual labor for JRV Services, LLC during the previous three years who worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of on-an-a-half [sic] times their regular rate of pay, for all hours worked in excess of forty in a workweek.

Pereira was first hired by JRV in 2014 to provide labor for a PRA-SE apartment renovation project in Slidell, Louisiana. He stopped working for JRV later that year, but continued to work at PRA-SE jobsites for a different subcontractor until 2017. In mid-2017, he was hired by JRV again, this time to work on the Marquis Apartments renovation project until March of 2018. He classifies his work on the Marquis Apartments project as that of a "construction worker," performing duties such as carpentry, reconstruction, and brick work. He claims to be "similarly situated" to the proposed class because (i) they all worked as construction workers for Defendants; (ii) they were supervised by JRV employees; (iii) they worked the same hours and took lunch at the same time; and (iv) they often worked over forty hours per week, without receiving overtime.

In conjunction with allowing this action to proceed collectively, Pereira asks the Court to direct Defendants to provide the names, phone numbers, and last known addresses of the potential opt-in members. Pereira also asks the Court to approve a proposed notice to send to the potential opt-in plaintiffs and requests an opt-in period of ninety days.

In opposition, Defendants argue that Pereira is not "similarly situated" to the proposed collection since he performed skilled bricklaying and carpentry work, and only worked for JRV on one project for six months during the past three years. Should the Court grant conditional

certification, Defendants request that the Court direct the parties to confer on Plaintiff's proposed notice and brief the issue for the Court if an agreement cannot be reached.

## III. LAW AND ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 667–68 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Fifth Circuit recognizes two approaches to conditional certification: (i) two-step certification developed in a line of cases starting with *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and (ii) "spurious" class certification typified by *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016). The *Lusardi* method involves a two-step "similarly situated" test, while *Shushan* is more akin to the standard for Rule 23 class actions.

First, the Court will address which standard is applicable here – Defendants argue for the more stringent *Shushan* standard, given the amount of discovery that has already taken place. *Lusardi*, however, is the more generally accepted method of analysis and is consistently applied by courts in this Circuit.

3

Finding that *Lusardi* should apply here, the first determination is made at the "notice stage," where the court decides whether notice of the action should be given to potential class members. This early determination, based on the pleadings and affidavits, is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). If the court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id.*

The second stage of inquiry typically occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally-certified class. *Id.* At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id.* If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id.* If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.* The original plaintiffs can then proceed to trial on their individual claims. *Id.*

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. "While the standard at this stage is 'not particularly stringent,' it is by no means automatic." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring*, LLC, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (citing *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015)).

In determining whether the plaintiff and potential members of the collective action are similarly situated, courts consider "(1) the extent to which the employment settings of the employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations." *Rosalez Funez v. E.M.S.P., LLC*, No. 16-1922, 2016 WL 4445828, at *2 (E.D. La. Aug. 24, 2016) (quoting *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 573 (E.D. La. 2008)).

Though Pereira seeks to represent a collection of individuals who worked for JRV performing manual labor during the past three years, he only worked for JRV for six months during the time frame in which he seeks to represent other similarly situated JRV workers who were not paid overtime. Moreover, he only worked for JRV on one project – the Marquis Apartments project in New Orleans – during that time. In contrast, since March of 2014, JRV has worked on residential and commercial projects of various sizes and scope in Louisiana, Florida, and Texas, and for contractors and clients in addition to PRA-SE. Pereira's proposed collection thus includes workers across any number of projects on which he did not work, and for any number of general contractors, subcontractors, and clients for which he did not work.

Because Pereira is unsuitable to stand as a representative for *all* JRV workers during the past three years, the collection will be limited to individuals who performed manual labor for JRV on the Marquis Apartments project.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Conditional Class Certification, R. Doc. 15, is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties shall meet, confer, and submit to the Court a joint proposed notice.

**IT IS FURTHER ORDERED** that Defendant JRV shall provide Plaintiff with the names, phone numbers, and last known addresses of the potential opt-in members.

New Orleans, Louisiana, this 20th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE